United States District Court
Southern District of Texas
**ENTERED**
May 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| NAJIBULLAH SAFI | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-531 |
| | § | |
| TODD LYONS *et al.* | § | |

## ORDER

Before the Court is Petitioner's Motion for Leave to File Reply Out of Time. (Dkt. No. 9). On April 16, 2026, the Court ordered Respondents to file a response to the Petition and serve it on Petitioner by April 30, 2026. (Dkt. No. 5 at 1). The Court then gave Petitioner until May 7, 2026, to file a reply. (*Id.*). Petitioner filed this present motion on May 8, 2026, requesting leave to file his reply out of time. (Dkt. No. 9).

Rule 6(b) governs extensions of deadlines set by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(b)(1). When a party moves to extend a deadline after it has expired, the Court may extend the deadline for good cause if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Even if good cause and excusable neglect are shown, the decision to grant an extension under Rule 6(b) remains a matter of the court's discretion. *See McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010). In considering whether excusable neglect exists, courts consider various factors. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993); *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006). These factors include:

> (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Adams*, 465 F.3d at 161 n.8.

Here, the Court finds that the delay, its impact on judicial proceedings, and the danger of prejudice to Respondents is minimal as Petitioner filed his reply (Dkt. No. 8), approximately eight minutes after the deadline's expiration. (Dkt. No. 9 at 1). As for the delay, Petitioner's counsel explains he attempted to file the Reply prior to midnight on the date of the deadline but encountered "unforeseen difficulties navigating the CM/ECF interface to locate the specific filing category" causing him to "finalize the electronic submission [at] approximately 12:07 AM on May 8, 2026." (*Id.*). The Court finds no evidence that suggests that Petitioner is not acting in good faith. Although the delay was within Petitioner counsel's control, on balance, the factors weigh in favor of finding excusable neglect.

Accordingly, the Court **GRANTS** Petitioner's Motion for Leave to File Reply Out of Time. (Dkt. No. 9). The Court deems Petitioner's Reply, (Dkt. No. 8), timely filed. [1]

(signature on next page)

[1] The Court notes that Petitioner filed his Reply separately. (Dkt. No. 8).

IT IS SO **ORDERED**.

**SIGNED** this 11th day of May, 2026.

Christopher dos Santos
United States Magistrate Judge